1   Private Citizen Ronald L. Holt
    c/o 2241 East Kathleen Road
2   Phoenix, Arizona 85022
    Plaintiff *In Propria Persona*

3

    Private Citizen Lyssa Royal Holt
4   c/o 2241 East Kathleen Road
    Phoenix, Arizona 85022
5   Plaintiff *In Propria Persona*
    Judiciary Act of 1789 § 35

6

FILED

AUG 2 4 2005

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

7
# district court of the United States[1]
8
# District of Columbia
9

10  Private Citizen Ronald L. Holt; and,          Case Nº:
    Private Citizen Lyssa Royal Holt

11          Plaintiffs,                            Complaint
                                                   (Replevin)
12          v.
                                                   CASE NUMBER  1:05CV01692
13  CYNTHIA DAVIDSON; MARK
    CARNICLE; ELIZABETH MARRIAGA;                  JUDGE: Ricardo M. Urbina
14  INTERNAL REVENUE SERVICE;
    and, UNITED STATES OF AMERICA                  DECK TYPE: Civil Rights (non-employment)
15                                                 DATE STAMP: 08/24/2005
            Defendants.
16
            COME NOW Private Citizen Ronald L. Holt and Private Citizen Lyssa Royal Holt, each
17
    in his/her own right, Faretta v. California, 422 US 809, reserving the right to Assistance of
18
    Counsel, Id., AMENDMENT VI, UNITED STATES CONSTITUTION, JUDICIARY ACT OF 1789, 1 Stat.
19
    73, § 35, and 28 USC § 2072(b), and the INTERNATIONAL COVENANT ON CIVIL AND POLITICAL
20
    RIGHTS, implemented by EXECUTIVE ORDER 13107 on December 10, 1998, 63 Federal Register
    240, pp 68991-68993 and for their cause(s) of action, aver(s):
21
    I.      PARTIES
22
            A.      Plaintiffs are Citizens of Arizona, a Republic, "State in this Union," as established
23                  in ART. IV § 4 UNITED STATES CONSTITUTION, Hooven & Allison v. Evatt, 324

24  _____
    [1] As designated in Title 26, United States Code, § 7433.

U.S. 652, 672-674, domiciled at the address shown above.

B.   Defendants are:

    1.   CYNTHIA DAVIDSON, Revenue Officer; in her personal capacity;

    2.   MARK CARNICLE, Supervisory Internal Revenue Agent; in his personal capacity;

    3.   ELIZABETH MARRIAGA, Revenue Officer; in her personal capacity;

    4.   INTERNAL REVENUE SERVICE, as an agent of a department within the Executive Branch of the United States; and,

    5.   UNITED STATES OF AMERICA.

## II.  JURISDICTION

A.   This action is brought pursuant to section 7433 of the Internal Revenue Code, *Vol 68A, Stat 3, § 7433*, 26 USC § 7433,

    1.   for reckless, intentional, or negligent disregard of Internal Revenue Code section 6103, subsection (d), by failure to disclose to us or our authorized representative records bearing our names;

    2.   for reckless, intentional, or negligent disregard of Internal Revenue Code section 7609, i.e., failure to give notice of third party summonses to persons entitled.

    3.   This court is empowered with subject matter jurisdiction to evaluate the pleadings of Plaintiffs Private Citizen Ronald L. Holt and Private Citizen Lyssa Royal Holt, under informal, relaxed, and less restrictive guidelines than ordinarily afforded litigants in district courts of the United States, especially *pro se* litigants. *See* Haines v. Kerner, 404 U.S. 519, 92 S. Ct. 594, 30 L. Ed. 2d 652.

B.   This action is brought also pursuant to the ADMINISTRATIVE PROCEDURE ACT, June 11, 1946, ch 324, 60 Stat 237, as amended; Title 5 United States Code §§ 704, and 706(1), respectively,

    1.   to compel agency action unlawfully withheld or unreasonably denied; and,

    2.   for judicial review of final agency actions for which there is no other adequate remedy in a court.

C.    Exhaustion of Remedies

    1.    Defendants have effectively nullified the pursuit of administrative remedy by eliminating the Office through which administrative remedy is to be sought.

    2.    Plaintiff may forego exhausting administrative remedies that are either futile or inadequate, Ft. Sumter Tours, Inc. v Andrus (1977, DC SC) 440 F Supp 914, *affd* (CA4 SC) 564 F2d 1119, 24 CCF ¶ 81817; Winterberger v General Teamsters Auto Truck Drivers & Helpers (1977, CA9 Or) 558 F2d 923, 96 BNA LRRM 2092, 82 CCH LC ¶ 10085; Wallace v Lynn (1974) 165 App DC 363, 507 F2d 1186, 8 CCH EPD ¶ 9822, or when agency action exceeds statutory authorization. Georgia Dept. of Transp. v Dole (1983, ND Ga) 561 F Supp 1024; Blue Ribbon Quality Meats, Inc. v Federal Trade Com. (1976, WD Mo) 434 F Supp 159, *affd* (CA8) 560 F2d 874, 1977-2 CCH Trade Cases ¶ 61554.

D.    The district court of the United States has jurisdiction pursuant to

    1.    Title 28 United States Code § 1346;

    2.    section 7433(a) of the Internal Revenue Code of 1986, as amended, *Vol 68A, Stat 3, § 7433(a)*, Title 26, United States Code. § 7433(a); and

    3.    the ADMINISTRATIVE PROCEDURE ACT, June 11, 1946, ch 324, 60 Stat 237, as amended; Title 5 United States Code § 704, for final agency actions for which there is no other adequate remedy in a court;

    4.    the ADMINISTRATIVE PROCEDURE ACT, June 11, 1946, ch 324, 60 Stat 237, as amended; Title 5 United States Code § 706(1), to compel agency action unlawfully withheld or unreasonably denied; and,

    5.    The court has power to hold unlawful and set aside agency action findings, and conclusions found to be -
        a)    (A) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law;
        b)    (B) contrary to constitutional right, power, privilege, or immunity;
        c)    (C) in excess of statutory jurisdiction, authority, or limitations, or short of statutory right;
        d)    (D) without observance of procedure required by law;

     e)     (E) unsupported by substantial evidence in a case subject to sections <u>556</u> and <u>557</u> of this title [Title 5] or otherwise reviewed on the record of an agency hearing provided by statute; or

     f)     (F) unwarranted by the facts to the extent that the facts are subject to trial de novo by the reviewing court. In making the foregoing determinations, the court shall review the whole record or those parts of it cited by a party, and due account shall be taken of the rule of prejudicial error.

E.    The Court further:

    1.    has federal question jurisdiction pursuant to <u>Title 28 United States Code § 1331</u> with respect to federal record-keeping matters under

        a)    the Federal Records Act;

        b)    the National Archives Act;

        c)    the Freedom of Information Act; and,

        d)    the Privacy Act of 1974;

    2.    has jurisdiction of action in the nature of mandamus to compel performance of a duty by an officer or employee of an agency of the United States, pursuant to <u>P. L. 87-748, § 1(a), 76 Stat. 744, Title 28 United States Code § 1361</u>; the Administrative Procedure Act, June 11, 1946, <u>ch 324, 60 Stat 237</u>, as amended; <u>Title 5 United States Code § 705;</u> and,

    3.    has jurisdiction under the All Writs Act, <u>Title 28 United States Code § 1651</u>[2].

F.    Venue is proper pursuant to Title 28 United States Code § 1391; Title 26 United States Code § 7433; Title 4 United States Code, §§ 71-73; Title 5 United States Code § 701, *et seq.*.

---

[2] 28 USCS § 1651 was enacted to meet cases where there was no specific process provided by statute, <u>John Gund Brewing Co. v United States</u> (1913, CA8 ND) 204 F 17, *mod* (CA8 ND) 206 F 386, and is necessary because federal courts, being courts of limited jurisdiction, would not otherwise possess tools necessary to implement their jurisdictional grants. <u>ITT Community Development Corp. v Barton</u> (1978, CA5 Fla) 569 F2d 1351.

III.    ISSUES

    A.    Section 7433(a) of the Internal Revenue Code, *Vol 68A, Stat 3, § 7433(a)*, <u>Title 26, United States Code § 7433(a)</u>, states:

        a)    "If, in connection with any collection of Federal tax with respect to a taxpayer, any officer or employee of the Internal Revenue Service recklessly or intentionally, or by reason of negligence, disregards any provision of this title, or any regulation promulgated under this title, such taxpayer may bring a civil action for damages against the United States in a district court of the United States. Except as provided in section 7432, such civil action shall be the exclusive remedy for recovering damages resulting from such actions.

    B.    Federal tax regulation 301.7433-1(a), Title 26, Code of Federal Regulations, § 301.7433-1(a), reiterates,

        a)    "If, in connection with the collection of a federal tax with respect to a taxpayer, an officer or an employee of the Internal Revenue Service recklessly or intentionally[3] disregards any provision of the Internal Revenue Code or any regulation promulgated under the Internal Revenue Code, such taxpayer may bring a civil action for damages against the United States in federal district court."

    C.    Section 6103(e)(1)(A)(1) of the Internal Revenue Code, <u>Title 26, United States Code, § 6103(e)(1)(A)(1)</u>, grants a statutory right to access one's own tax records.

    D.    Federal tax regulation 301.6103-1(c), <u>Title 26, Code of Federal Regulations, § 301.6103-1(c)</u>, reiterates defendants' statutory obligation.

IV.    FACTUAL BACKGROUND — Plaintiff Ronald L. Holt

    A.    <u>PRE-SUMMONS ACTIVITY</u>

        1.    In an abortive meeting held at defendant Davidson's office on September 16, 2004, and terminated due to Davidson's willful disregard of my right

---

[3] The July, 2002 edition of RIA Federal Tax Regulations includes the note: "Caution: The Treasury has not yet amended Reg §301.7433-1 to reflect changes made by P.L. 105-206, P.L. 104-168," reflecting the addition of negligence as a basis for disregard of provision of <u>Title 26, United States Code.</u>, or any regulation promulgated under <u>Title 26, United States Code.</u>

to make a taped record[4], Davidson raised the name of, "Innovative Financial Consultants," principals and employees of which, upon information and belief, were indicted in April, 2003 for conspiracy to defraud the United States.

2.    Supervisory Agent Carnicle let slip a reference to an, "investigation," and specifically characterized me as an, "investigative lead."

B.    DAVIDSON/CARNICLE Summons

1.    On or about October 5, 2004, I received notice of an administrative summons served upon Bank of America, issued by defendant Davidson on September 27, 2004.

2.    The summons identified immediately above sought information regarding myself, and three other persons (Seed of Life Trust; Hummingbird Song Productions Trust; and Flower of Life Research, LLC).

3.    I was the sole recipient of such notice.

4.    I petitioned the district court to quash the summonses, which petition was ultimately denied; in the interim, "my" file was transferred to Revenue Agent MARRIAGA.

V.    FACTUAL BACKGROUND – Plaintiffs Ronald and Lyssa Royal Holt

A.    MARRIAGA SUMMONSES – FIRST WAVE

1.    On or about February 23, 2005, defendant MARRIAGA issued another third party summons to Bank of America, seeking information about each of us, and innumerable others, named and unnamed.

2.    On or about February 22, 2005, defendant MARRIAGA issued another third party summons to Compass Bank, seeking information about each of us, and innumerable others, named and unnamed.

3.    On or about February 28, 2005, defendant MARRIAGA issued several third party summonses to Discover Financial Services, seeking information about each of us, and innumerable others, named and unnamed.

4.    On or about February 28, 2005, defendant MARRIAGA issued several

---

[4] Davidson denied that I informed her of my intent to record the meeting.

third party summonses to Paypal Fraud Investigation Team, seeking information about each of us, and innumerable others, named and unnamed.

5. On or about February 28, 2005, defendant MARRIAGA issued several third party summonses to National Processors, Inc., seeking information about each of us, and innumerable others, named and unnamed.

6. On or about February 28, 2005, defendant MARRIAGA issued several third party summonses to American Express Establishment Services, seeking information about each of us, and innumerable others, named and unnamed.

7. On or about February 28, 2005, defendant MARRIAGA issued several third party summonses to J JP Morgan Chase Bank, seeking information about each of us, and innumerable others, named and unnamed.

8. Notice of MARRIAGA'S third party summonses was received by each of us between February 28, 2005 and March 2, 2005.

9. Upon information and belief, MARRIAGA failed to give notice to the six remaining, "person[s] (other than the person summoned)...identified," in MARRIAGA's administrative summonses.

B.   MARRIAGA SUMMONSES – SECOND WAVE

1. On or about July 12, 2005, defendant MARRIAGA issued third party summonses to Alden State Bank, and to Southwest Bank of Texas, seeking information about

   a)   Ronald L. Holt; and,

   b)   Flower of Life Reaearch, LLC; and,

   c)   Hummingbird Song Productions; and,

   d)   Seed of Life;

2. On or about July 12, 2005, defendant MARRIAGA issued a third party summons to Alden State Bank, and to Southwest Bank of Texas, seeking information about

   a)   Lyssa J. Royal Holt; and,

   b)   Duranki Holdings; and,

c)     Royal Priest Research;

3.    On or about July 12, 2005, defendant MARRIAGA issued a third party summons to First American Title Insurance Company, seeking information about

a)     Lyssa J. Royal Holt; and,

b)     Duranki Holdings; and,

c)     Royal Priest Research; and,

d)     Flower of Life Research, LLC; and,

e)     Hummingbird Song Productions; and,

f)     Seed of Life;

4.    On or about July 20, 2005, Notice of the summonses identified in ¶ B.1 was received by

a)     Flower of Life Research, LLC; and,

b)     Hummingbird Song Productions; and,

c)     Seed of Life;

5.    On or about July 20, 2005, Notice of the summonses identified in ¶ B.2 was received by

a)     Duranki Holdings; and,

b)     Royal Priest Research;.

6.    On or about July 20, 2005, Notice of the summonses identified in ¶ B.3 was received by

a)     Duranki Holdings; and,

b)     Royal Priest Research; and,

c)     Flower of Life Research, LLC; and,

d)     Hummingbird Song Productions; and,

e)     Seed of Life; Duranki Holdings; and,

f)     Royal Priest Research

7.    On or about August 5, 2005, Notice of the summonses identified in ¶¶ B.1-B.3 was received by each of us.

8.    On or about August 5, 2005, We received copies of additional summonses issued to

      a)     Midland Mortgage;

      b)     Chase Manhattan Mortgage Co.;

      c)     RBC Mortgage Co.;

      d)     Compass Bank;

      e)     Chicago Title Insurance Co.; and

      f)     Washington Mutual Bank,.

      g)     seeking information about every other person entitled to notice identified in ¶¶ B.1-B.3, above.

9.    Upon information and belief, no other person entitled to notice received notice of MARRIAGA's summonses to the persons identified in ¶ B.8.

## VI. MAGNITUDE AND NUMBER OF SUMMONSES/SUMMONED PARTIES INDICATES INTENTIONAL RETALIATION

A.    Upon information and belief, the DAVIDSON/CARNICLE summonses were issued as retaliation for Plaintiff Ronald L. Holt's insistence upon recording the meeting with DAVIDSON/CARNICLE.

B.    Upon information and belief, the transfer of files from DAVIDSON/CARNICLE (in the Phoenix – Dunlap Road office) to MARRIAGA (in the Tempe – Baseline office) was intended to bypass the issues related to the DAVIDSON/CARNICLE summonses, as retaliation for the filing of a Petition to Quash thereupon.

C.    Upon information and belief, beginning at an unknown time Defendants, through principals, officers, agents, and/or employees violated IRC section 7602(a) conducting a presumed financial status audit.

D.    Upon information and belief, beginning at an unknown time, defendants, through principals, officers, agents, and/or employees violated IRC section 7602(c) by failing to provide reasonable notice to me that IRS employees were contacting third parties regarding the taxes I allegedly owed.

## VII. ALLEGATIONS:

A.    COUNT ONE:    By reckless or intentional disregard of section 7609 of the Internal Revenue Code of 1986, *68A Stat 3, § 7609*, or by reason of negligence: defendants, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury,

failed to give notice of third party summonses to all persons entitled to notice.

B.  Upon information and belief, the failure of administrative procedure identified above was,

    1.  arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law;

    2.  contrary to constitutional right, power, privilege, or immunity;

    3.  in excess of statutory jurisdiction, authority, or limitations, or short of statutory right;

    4.  without observance of procedure required by law;

C.  Upon information and belief, the failure of administrative procedure identified above was intended to defeat the application of section 7609, and deprive persons entitled to notice of an opportunity to effectively Petition to Quash the third party summonses, in violation of IRC § 7214(a)(3).

VIII.  SUMMARY

A.  Pursuant to section 7433(b) of the Internal Revenue Code of 1986, *26 USC § 7433(b)*,

    1.  In any action brought under subsection (a), upon a finding of liability on the part of the defendant, the defendant shall be liable to the plaintiff in an amount equal to the lesser of $ 1,000,000.00 or the sum of –

        (1)  actual, direct economic damages sustained by the plaintiff as a proximate result of the reckless or intentional actions of the officer or employee, and,

        (2)  the costs of the action.

B.  Violations of section 7214 of the Internal Revenue Code of 1986, *68A stat 3, § 7214*, call for a violator thereof to be,

    a)  "dismissed from office or discharged from employment and, upon conviction thereof, shall be fined not more than $10,000, or imprisoned not more than 5 years, or both and. The court also shall render judgment against the said officer or employee for the amount of damages sustained in favor of the party injured, to be collected by execution."

WHEREFORE, Plaintiffs Ronald L. Holt and Lyssa Royal Holt seek relief in the

1   following particulars:

2        1.   An ORDER, directing defendants to comply with each and every statutory

3             requirement in the performance of duties; and,

             2.   directing defendants to pay damages in accordance with section 7433; and,

4        3.   directing defendants to pay such other and further damages as the court

5             deems just and proper.

6   Respectfully entered this _____ day of August, 2005.

7

8        _____
         Ronald L. Holt

9        _____
         Lyssa Royal Holt

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24