1  Private Citizen Ronald L. Holt
   c/o 2241 East Kathleen Road
2  Phoenix, Arizona 85022
   Plaintiff *In Propria Persona*
3
   Private Citizen Lyssa Royal Holt
4  c/o 2241 East Kathleen Road
   Phoenix, Arizona 85022
5  Plaintiff *In Propria Persona*
   Judiciary Act of 1789 § 35
6

# District Court of the United States[1]
# District of Columbia

| | |
|---|---|
| Private Citizen Ronald L. Holt; and, | Case Nº: 1:05:1692-RMU |
| Private Citizen Lyssa Royal Holt | |
| Plaintiffs, | RESPONSE TO MOTION FOR ENLARGEMENT |
| | OBJECTION TO ENLARGEMENT |
| v. | |
| UNITED STATES [GOVERNMENT] | |
| Respondent. | |

COME NOW Private Citizen Ronald L. Holt and Private Citizen Lyssa Royal Holt, each in his/her own right, <u>Faretta v. California</u>, 422 US 809, reserving their individual rights to Assistance of Counsel, Id., AMENDMENT VI, UNITED STATES CONSTITUTION, JUDICIARY ACT OF 1789, 1 Stat. 73, § 35, and 28 USC § 2072(b), and the INTERNATIONAL COVENANT ON CIVIL AND POLITICAL RIGHTS, implemented by EXECUTIVE ORDER 13107 on December 10, 1998, <u>63 Federal Register 240, pp 68991-68993</u>, in RESPONSE TO MOTION FOR ENLARGEMENT, entering this OBJECTION TO ENLARGEMENT:

I.  FIRST MOTION

   A.   In the first MOTION FOR ENLARGEMENT, p.1, counsel for the United States of America seeks additional time to ANSWER, asserting that defendant's agency, "is currently searching its records...", acknowledging therein that, "...the United

---

[1] As designated in Title 26, United States Code, § 7433.

States could certainly deny generally..." while failing to do so.

B.  We acceded to the first Motion for Enlargement on the belief that opposing same would be a fruitless endeavor. Upon information and belief, the Court regularly grants the United States' motions for enlargement, notwithstanding the rule that grants the United States three hundred percent (300%) of the time to answer allotted to any Private litigant.

II.  SECOND MOTION

A.  The United States now seeks an additional enlargement; this time, to "RESPOND TO COMPLAINT BY ANSWER, MOTION OR OTHER RESPONSIVE PLEADING".

B.  The amended SECOND MOTION, "*nunc pro tunc*," seeks an additional thirty (30) days, on the basis that "the attorney previously assigned primary litigation responsibility...left the Tax Division" and that "Undersigned counsel has not had time to adequately review...information provided by the Internal Revenue Service".

III.  OBJECTION TO SECOND MOTION

A.  It is clear, from "undersigned counsel's" admission, that "information [has been] provided by the Internal Revenue Service". Yet the United States is apparently still unwilling to "...deny generally...", needlessly delaying the litigation for an additional thirty (30) days. We object to the amended SECOND MOTION on the following bases:

1.  The FIRST MOTION was predicated upon a legal absurdity. IRS has been actively "investigating" the Plaintiffs for a period in excess of fourteen (14) months, at the least. In that time, IRS has served more than forty (40) Third Party Summonses upon a variety of persons arguably falling outside of the definition of "third-party recordlkeepers". IRS presumably had, at its fingertips, agency records to support this onslaught. Federal Records Law supports this conclusion.

2.  IRS, like every federal agency, is required by the Federal Records Act, - an Act of Congress - and by Government Services Administration regulations, to have a system of records in which files can be easily found,

easily "charged out," of the records system, and easily returned to the system for future need.

B. Such records are required to be in a particular location, per regulation.

C. It is legally absurd for IRS, under the FRA, and the GSA regulations, to find it necessary, more than fourteen (14) months after initiating an investigation including forty (40) Third Party Summonses, to still "...currently search its records..." in December, 2005.

IV. DEFENDANT HAS HAD AMPLE TIME TO PREPARE AN ANSWER

A. As admitted by counsel, "information [has been] provided by the Internal Revenue Service". Unless that information requires admission, it should be sufficient for the United States to "generally deny" as counsel acknowledged in the FIRST MOTION, the United States could do.

B. In ruling upon the SECOND MOTION, the Court is encouraged to review the complaint. The United States has had many months to "locat[e] and review," the records.

C. The MOTION FOR ENLARGEMENT filed by counsel for the United States of America is without merit, and should be denied.

V. MOTION ADMITS ALL ELEMENTS OF COMPLAINT

A. The Court is requested to take judicial notice that, the MOTION at issue is not a Rule 12(b) motion to dismiss; counsel's admission is an admission against judicial interest.

VI. NO GENUINE DISPUTE AS TO MATERIAL FACT

A. Upon the record, defendant admits that it is unable to justify its actions through official records.

B. Summary Judgment is appropriate, as there is no genuine dispute as to any relevant fact.

WHEREFORE, Private Citizen Ronald L. Holt and Private Citizen Lyssa Royal Holt,

Plaintiffs, seek relief in the following particulars:

1. A finding that defendant disregarded provisions of the Internal Revenue Code; and,

2. A finding that defendant disregarded regulations promulgated under the Internal Revenue Code; and,

3. An ORDER setting an evidentiary hearing to determine damages.

Respectfully entered this 19 day of January, 2006.

_____
Private Citizen Ronald L. Holt

_____
Private Citizen Lyssa Royal Holt

CERTIFICATE OF SERVICE

We, Private Citizen Ronald L. Holt and Private Citizen Lyssa Royal Holt, hereby certify that on the date shown above, we placed two copies of the foregoing in the United States Mail, postage prepaid, addressed to:

Jennifer L. Vozne
Trial Attorney, Tax Division
United States Department of Justice
Post Office Box 227
Ben Franklin Station
Washington, District of Columbia 20044