Private Citizen Ronald L. Holt
c/o 2241 East Kathleen Road
Phoenix, Arizona 85022
Plaintiff *In Propria Persona*

Private Citizen Lyssa Royal Holt
c/o 2241 East Kathleen Road
Phoenix, Arizona 85022
Plaintiff *In Propria Persona*
Judiciary Act of 1789 § 35

# district court of the United States[1]
# District of Columbia

Private Citizen Ronald L. Holt; and,          Case Nº: 1:05-cv-1692-RMU
Private Citizen Lyssa Royal Holt

    Plaintiffs,
v.

CYNTHIA DAVIDSON; MARK
CARNICLE; ELIZABETH MARRIAGA;
INTERNAL REVENUE SERVICE;
and, UNITED STATES OF AMERICA

    Defendants.

**MOTION FOR SANCTIONS UNDER FED.R.CIV.P. 11(b) AND FOR REFERRAL TO THE BAR DISCLIPINARY COMMITTEEE**

I
**INTRODUCTION**

Plaintifsf hereby allege that defendant's asserted "ANSWER" is brought for improper purposes of delay, is unwarranted by existing law, and is frivolous, lacking any good faith argument for an extension, modification or reversal of existing law. The Court shall take judicial notice that the Answer was filed on the eve of default.

---

[1] As designated in Title 26, United States Code, § 7433.

## II

## BARE DENIALS INFER IMPROPER PURPOSE OF DELAY

Counsel's bare denials, viewed in the context of Counsel's Second Motion For Enlargement of Time *Nunc Pro Tunc"* and in the context of defendants' ample time to answer more completely, strongly infer that the purported "ANSWER" is brought for improper purposes of delay; after two enlargements, Counsel fails to respond to 29 out of 49 paragraphs, using the single word, "Deny"; Counsel asserts "lack of sufficient information" in failing to respond to an additional 10 paragraphs.[2] While this might otherwise meet the technical minimum contemplated in the Federal Rules of Civil Procedure, the Court should expect more after 4 months of preparation.

## III
## COUNSEL DENIES CONSTITUTION

While it is unclear whether Counsel's one word "denial" of paragraph I.A. of the Complaint is intended to deny that Plaintiffs are Citizens of Arizona; or that Arizona, admitted to the Union in 1912, is a "State in this Union", Counsel's one word "denial" of paragraph I.A., is equally capable of interpretation as a rejection of the UNITED STATES CONSTITUTION itself; absurdly unwarranted by existing law, and frivolous, lacking any good faith argument for an extension, modification or reversal of existing law.

## IV

## COUNSEL DENIES THAT DEFENDANTS ARE DEFENDANTS; STATUTORY JURISDICTION; AND FACTS OF COMMON KNOWLEDGE

1.      Without any assertions in support, Counsel apparently denies that the defendants are the defendants. While Counsel might later wish to assert that the United States is the only proper party defendant, that assertion is omitted from Counsel's one-word denial.

---

[2] Counsel's responses to the remaining 10 paragraphs are discussed below.

2.      Counsel's denial of the jurisdictional bases for the suit found in paragraphs II.A. and B., is legally absurd, and appears to be brought for improper purposes of delay, is unwarranted by existing law, and is frivolous, lacking any good faith argument for an extension, modification or reversal of existing law. To the extent that Counsel might have intended to assert that Plaintiffs have no cause of action under the jurisdictional statutes cited, no such assertion is made. The Court will take judicial notice that Counsel appears to deny the existence of the Court's statutory jurisdiction.

3.      Counsel knows, or should know, that IRS eliminated the office of District Director in the course of restructuring. This "denial" is brought for improper purposes of delay, is unwarranted by existing law, and is frivolous, lacking any good faith argument for an extension, modification or reversal of existing law.

V

## "ANSWER" SELF-REFUTING

1.      Counsel's admission of the existence of IRC section 7433, and its language, refutes her FIRST and FOURTH "DEFENSES", as well as her "denial" of II.A., B., and C., strongly inferring that those "defenses" and "denials" brought for improper purposes of delay, is unwarranted by existing law, and is frivolous, lacking any good faith argument for an extension, modification or reversal of existing law.

2.      Counsel's denials of the statutory provisions of Internal Revenue Code section 6103 and Treasury regulation 301.6103-1 legally absurd, and appears to be brought for improper purposes of delay, is unwarranted by existing law, and is frivolous, lacking any good faith argument for an extension, modification or reversal of existing law.

3.  Counsel's claims of lack of knowledge that I received summonses (IV.B.1.; IV.B.3.; V.A.8.), while admitting the issuance of some summonses; denying others; and denying that others were received; yet, admitting what the summonses sought, demonstrates that Counsel's "ANSWER", filed on the eve of default, is brought for improper purposes of delay, is unwarranted by existing law, and is frivolous, lacking any good faith argument for an extension, modification or reversal of existing law.

### Vi

### "ANSWER" APPEARS TO VIOLATE DISTRICT ETHICS RULES

1.  Counsel's "ANSWER" potentially violates District Ethics Rule 3.1 Meritorious Claims and Contentions. The Rule prohibits attorneys from raising frivolous, bad faith issues:

    > A lawyer shall not bring or defend a proceeding, or assert or controvert an issue therein, unless there is a basis in law and fact for doing so that is not frivolous, which includes a good faith argument for an extension, modification or reversal of existing law.

2.  The Committee comments to E.R. 3.1 explain:

    > [1] *The advocate has a duty* to use legal procedure for the fullest benefit of the client's cause, but also a duty *not to abuse legal procedure*. The law, both procedural and substantive, establishes the limits within which an advocate may proceed.
    > [2] *** *What is required of lawyers, however, is that they inform themselves about the facts of their clients' cases and the applicable law and determine* that they can make good faith arguments in support of their clients' positions. *** The action is frivolous, however, if the lawyer is unable either to make a good faith argument on the merits of the action taken or to support the action taken by a good faith argument for an extension, modification or reversal of existing law.

3.  After 4 months to prepare, Counsel appears unable to bring a good faith argument for her denials; and for her assertions of "lack of sufficient knowledge".

4.  Counsel's "ANSWER" violates Ethical Rule 3.3 Candor Toward the Tribunal. The Rule is crystal clear:

> (a) A lawyer shall not *knowingly*:
> (1) *make a false statement of fact or law* to a tribunal or fail to correct a false statement of material fact or law previously made to the tribunal by the lawyer;
> (2) fail to disclose to the tribunal *legal authority* in the controlling jurisdiction *known to the lawyer to be directly adverse to the position of the client* and not disclosed by opposing counsel; or
> (3) offer evidence that the lawyer knows to be false. If a lawyer, the lawyer's client, or a witness called by the lawyer, has offered material evidence and the lawyer comes to know of its falsity, the lawyer shall take reasonable remedial measures, including, if necessary, disclosure to the tribunal. A lawyer may refuse to offer evidence, other than the testimony of a defendant in a criminal matter, that the lawyer reasonably believes is false.

5. A review of Counsel' "ANSWER" reveals the extent to which Counsel has violated Ethical Rule 3.3.

6. Counsel's "ANSWER" violates District Ethics Rule 1.2: Scope of Representation and Allocation of Authority between Client and Lawyer. The Rules states:

> (d) *A lawyer shall not counsel a client to engage, or assist a client, in conduct that the lawyer knows is criminal or fraudulent*, but a lawyer may discuss the legal consequences of any proposed course of conduct with a client and may counsel or assist a client to make a good faith effort to determine the validity, scope, meaning or application of the law.

7. Comment 10 to the Rule states:

> *The lawyer is required to avoid assisting the client, for example, by drafting or delivering documents that the lawyer knows are fraudulent or by suggesting how the wrongdoing might be concealed.*

8. Counsel's "ANSWER" constitutes Ethical Rule 8.4 Misconduct:

> It is professional misconduct for a lawyer to:
> (a) violate or attempt to violate the Rules of Professional Conduct, knowingly assist or induce another to do so, or do so through the acts of another;
> (b) commit a criminal act that reflects adversely on the lawyer's honesty, trustworthiness or fitness as a lawyer in other respects;
> (c) engage in conduct involving dishonesty, fraud, deceit or misrepresentation;
> (d) engage in conduct that is prejudicial to the administration of justice;
> (e) state or imply an ability to influence improperly a government agency or official or to achieve results by means that violate the Rules of Professional Conduct or other law; or

(f) knowingly assist a judge or judicial officer in conduct that is a violation of applicable rules of judicial conduct or other law.

9. Counsel was, as are all applicants to the BAR, required to sign an oath, pursuant to Title 28 United States Code, Appendix, Rules of the Supreme Court, PART II. ATTORNEYS AND COUNSELORS

> Rule 5.
> 4. Each applicant shall sign the following oath or affirmation:
> I, ................., do solemnly swear (or affirm) that as an attorney and as a counselor of this Court, I will conduct myself uprightly and according to law, and that I will support the Constitution of the United States.

10. Counsel has breached that oath.

WHEREFORE, Plaintiffs request the Court impose sanctions pursuant to Rule 11(b), and refer Counsel to the Disciplinary Committee..

Respectfully entered this 13th day of February, 2006

_____
Ronald L. Holt

_____
Lyssa Royal Holt

1

Private Citizen Ronald L. Holt
c/o 2241 East Kathleen Road
Phoenix, Arizona 85022
Plaintiff *In Propria Persona*

Private Citizen Lyssa Royal Holt
c/o 2241 East Kathleen Road
Phoenix, Arizona 85022
Plaintiff *In Propria Persona*
Judiciary Act of 1789 § 35

# district court of the United States[1]
# District of Columbia

Private Citizen Ronald L. Holt; and,　　　Case Nº: 1:05-cv-1692-RMU
Private Citizen Lyssa Royal Holt

   Plaintiffs,
  v.

CYNTHIA DAVIDSON; MARK
CARNICLE; ELIZABETH MARRIAGA;
INTERNAL REVENUE SERVICE;
and, UNITED STATES OF AMERICA

  Defendants.

## MOTION FOR MORE DEFINITE STATEMENT

### I

### INTRODUCTION

Counsel's "ANSWER", containing bare denials and assertions of "lack of sufficient information" are unclear. Plaintiffs seek a more definite statement as to the following:.

### II

### "DENIAL" OF COMPLAINT PARAGRAPH I.A. UNCLEAR

---

[1] As designated in Title 26, United States Code, § 7433.

1

it is unclear whether Counsel's one word "denial" of paragraph I.A. of the Complaint is intended to deny that Plaintiffs are Citizens of Arizona; or that Arizona, admitted to the Union in 1912, is a "State in this Union"; or the UNITED STATES CONSTITUTION itself. Plaintiffs seek a more definite statement as to which of these matters Counsel denies.

### III

### COUNSEL'S DENIAL THAT DEFENDANTS ARE DEFENDANTS IS UNCLEAR

Counsel apparently denies that the defendants are the defendants. Does Counsel assert that the defendants do not exist, or that improper defendants are named?

### IV

### COUNSEL'S DENIAL OF STATUTORY JURISDICTION IS UNCLEAR

Is Counsel's denial of the jurisdictional bases for the suit found in paragraphs II.A. and B., intended to assert that Plaintiffs have no cause of action under the jurisdictional statutes cited, or that such jurisdictional grants do not exist?

### IV

### COUNSEL'S DENIAL OF IRS RESTRUCTURING IS UNCLEAR

Is Counsel denying that IRS eliminated the office of District Director in the course of restructuring?

Counsel's "ANSWER" is unclear as to these, and other issues.

\*\*\*\*\*
\*\*\*\*\*
\*\*\*\*\*
\*\*\*\*\*
\*\*\*\*\*
\*\*\*\*\*

1

WHEREFORE, Plaintiffs request a more definite statement.

Respectfully entered this 13th day of February, 2006.

_____
Ronald L. Holt

_____
Lyssa Royal Holt