Private Citizen Ronald L. Holt
c/o 2241 East Kathleen Road
Phoenix, Arizona 85022
Plaintiff *In Propria Persona*

Private Citizen Lyssa Royal Holt
c/o 2241 East Kathleen Road
Phoenix, Arizona 85022
Plaintiff *In Propria Persona*
Judiciary Act of 1789 § 35

# district court of the United States[1]
# District of Columbia

| | |
|---|---|
| Private Citizen Ronald L. Holt; and, Private Citizen Lyssa Royal Holt | Case N°: 05-01692 RMU |
| Plaintiffs, | Complaint (Replevin) |
| v | |
| CYNTHIA DAVIDSON; MARK CARNICLE; ELIZABETH MARRIAGA; INTERNAL REVENUE SERVICE; and, UNITED STATES OF AMERICA | REPLY TO "ANSWER" |
| Defendants. | |

COME NOW Private Citizen Ronald L. Holt and Private Citizen Lyssa Royal Holt, and hereby reply to the purported ANSWER of Defense Counsel:

I.   "DEFENSES" I THROUGH IV:

    A.   With respect to Respondent's "FIRST DEFENSE":

        1.   The Court has subject matter jurisdiction under Internal Revenue Code section 7433; the ADMINISTRATIVE PROCEDURE ACT, June 11, 1946, ch 324, 60 Stat 237, as amended; Title 5 United States Code §§ 704, 705, and 706(1), Title 28 United States Code § 1331; P. L. 87-748, § 1(a), 76 Stat. 744, Title 28 United States Code § 1361; and, as necessary, Title 28

---

[1] As designated in Title 26, United States Code, § 7433.

United States Code § 1651[2]. Counsel's bare "FIRST DEFENSE", is brought for improper purposes of delay, is unwarranted by existing law, and is frivolous, lacking any good faith argument for an extension, modification or reversal of existing law. SEE: MOTION FOR SANCTIONS, filed concurrently. The Court shall take judicial notice that the "ANSWER" was filed on the eve of default.

B. With respect to Respondent's "SECOND DEFENSE":

1. Respondent's, "SECOND DEFENSE," is brought for improper purposes of delay, is unwarranted by existing law, and is frivolous, lacking any good faith argument for an extension, modification or reversal of existing law. SEE: MOTION FOR SANCTIONS, filed concurrently. The Court shall take judicial notice that Counsel's draught of dismissive language from Fed.R.Civ.P. 12(b)(6), essentially admits all material allegations in the Complaint.

C. With respect to Respondent's "THIRD DEFENSE":

1. Respondent's "THIRD DEFENSE", alluding to, yet not claiming, qualified immunity for the individual defendants, and alluding to, yet not claiming, sovereign immunity for the United States of America, waived by the jurisdictional bases asserted, is brought for improper purposes of delay, is unwarranted by existing law, and is frivolous, lacking any good faith argument for an extension, modification or reversal of existing law. SEE: MOTION FOR SANCTIONS, filed concurrently. The Court shall take judicial notice of Counsel's use of the term "may" in the sense of "possibility", rather than the permissive sense.

D. With respect to Respondent's "FOURTH DEFENSE":

1. Respondent's "FOURTH DEFENSE", alluding to, yet not claiming, that IRS is not suable *eo nominee*, is brought for improper purposes of delay, is

---

[2] 28 USCS § 1651 was enacted to meet cases where there was no specific process provided by statute, John Gund Brewing Co. v United States (1913, CA8 ND) 204 F 17, *mod* (CA8 ND) 206 F 386, and is necessary because federal courts, being courts of limited jurisdiction, would not otherwise possess tools necessary to implement their jurisdictional grants. ITT Community Development Corp. v Barton (1978, CA5 Fla) 569 F2d 1351.

unwarranted by existing law, and is frivolous, lacking any good faith argument for an extension, modification or reversal of existing law. SEE: MOTION FOR SANCTIONS, filed concurrently. The Court shall take judicial notice of the jurisdictional statutes alleged, and remaining unchallenged.

II. COUNSEL'S "FIFTH DEFENSE"

A. It is unclear whether Counsel's one word "denial" of paragraph I.A. of the Complaint is intended to deny that Plaintiffs are Citizens if Arizona; or that Arizona, admitted to the Union in 1912, is a "State in this Union". Indeed, it is unclear whether Counsel's one word "denial" of paragraph I.A. is not a rejection of the UNITED STATES CONSTITUTION itself.

B. Such "denials" are unwarranted by existing law, and are frivolous, lacking any good faith argument for an extension, modification or reversal of existing law. SEE: MOTION FOR SANCTIONS, filed concurrently. The Court shall take judicial notice of the UNITED STATES CONSTITUTION, the underlying authority for the Act of August 16, 1954, 68A Stat. 3, as amended, *aka* the Internal Revenue Code; the Act of Congress under which defendants and Counsel claim to act.

C. Counsel next denies that the defendants are the defendants in paragraph II.B., at least as named, with the same single word: "DENY". Counsel's "denial" is frivolous until the Court, in its discretion, dismisses or substitutes a defendant.

D. Counsel asserts that the bases for the suit found in paragraphs II.A. and B. require no response while simultaneously denying same. This no-denial/denial is brought for improper purposes of delay, is unwarranted by existing law, and is frivolous, lacking any good faith argument for an extension, modification or reversal of existing law. SEE: MOTION FOR SANCTIONS, filed concurrently. The Court shall take judicial notice of the jurisdictional statutes alleged, and remaining unchallenged.

E. Counsel reverts to the single word: "DENY" in answer to paragraph II.C., apparently unaware of the IRS restructuring that eliminated the office of District Director. This "denial" is brought for improper purposes of delay, is unwarranted by existing law, and is frivolous, lacking any good faith argument for an

   extension, modification or reversal of existing law. SEE: MOTION FOR SANCTIONS, filed concurrently. The Court shall take judicial notice that the "ANSWER" was filed on the eve of default.

F.  Counsel repeats the single word: "DENY" in answer to paragraphs II.D., II.E., and II.F., essentially encapsulating her FIRST through FOURTH "DEFENSES", redundantly.

G.  Counsel admits the existence of IRC section 7433, and its language, refuting her FIRST and FOURTH "DEFENSES", as well as her "denial" of II.A., B., and C.

H.  Counsel falls back to denying, in one word, the existence of a regulation for IRC section 7433; that section 6103(e)(1)(A)(1) of the Internal Revenue Code, grants a statutory right to access one's own tax records, and that Treasury regulation 301.6103-1(c) reiterates defendants' statutory obligation. Counsel's denials are brought for improper purposes of delay, is unwarranted by existing law, and is frivolous, lacking any good faith argument for an extension, modification or reversal of existing law. SEE: MOTION FOR SANCTIONS, filed concurrently. The Court shall take judicial notice of IRC section 6103(e)(1)(A)(1) and Treasury regulation 301.6103-1(c).

I.  Counsel denies the occurrence of a meeting at defendant Davidson's office; or that the meeting was terminated due to Davidson's willful disregard of my right to make a taped record thereof; or that Davidson raised the name of persons indicted in April, 2003 for conspiracy to defraud the United States.

J.  Counsel denies that defendant Carnicle let slip a reference to an, "investigation," and specifically characterized me as an, "investigative lead."

K.  Counsel claims lack of knowledge that I received summonses (IV.B.1.; IV.B.3.; V.A.8.), but admits what the summonses sought (IV.B.2. IV.B.4).

L.  Counsel admits the issuance of some summonses (V.A.1., 2; V.B. 1, 2, 3), while denying others (V.A.3-7), and denying that others were received (V.B. 4 through 8).

M.  Counsel denies that defendant MARRIAGA failed to give notice to the six remaining, "person[s] (other than the person summoned)…identified," in some of MARRIAGA's administrative summonses, without giving an evidence that such

others were given notice, then feigning lack of knowledge whether others were denied notice (V.B.9).

WHEREFORE,

1) Counsel having admitted all material allegations by seeking dismissal under Fed.R.Civ.P. 12(b)(6); and,

2) Counsel having presented nothing more than bare denials, and claims of lack of knowledge after four months to gather same; and,

3) Counsel having rendered all other denials incredible by the legally absurd denial of the UNITED STATES CONSTITUTION;

has demonstrated that one or more provisions of the Internal Revenue Code and or regulations has occurred, Plaintiffs seek:

1. finding of such disregard of provisions of the Internal Revenue Code and regulations; and,

2. damages and cost award pursuant to Title 26 United States Code, section 7433.

Respectfully entered this 13th day of February, 2006.

_____
Ronald L. Holt

_____
Lyssa Royal Holt