**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| RONALD L. HOLT, ) | |
| LYSSA ROYAL HOLT, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Civil No. 1:05-1692-RMU |
| ) | |
| CYNTHIA DAVIDSON, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**DEFENDANTS' OPPOSITION TO MOTION FOR MORE DEFINITE STATEMENT AND FOR SANCTIONS UNDER FED. R. CIV. P. 11(b) AND FOR REFERRAL TO THE BAR DISCIPLINARY COMMITTEE**

Defendants, Cynthia Davidson, Mark Carnicle, Elizabeth Marriaga, Internal Revenue Service and the United States ("the Government"), oppose plaintiffs' motion for a more definite statement and for sanctions under Fed. R. Civ. P. 11 and bar referral. Plaintiffs' motion with respect to a request for a more definite statement should be denied because the Government met its requirement under Fed. R. Civ. P. 8. Plaintiffs' motion with respect to the request for sanctions and bar referral should be denied, because plaintiffs failed to comply with the procedural requisites to bringing such a motion as required by Fed. R. Civ. P. 11. and plaintiffs' allegations are meritless.

Plaintiffs' Request for a More Definite Statement

Parties must meet the "notice pleading" requirements of Fed. R. Civ. P. 8.

See, e.g., Swierkiewicz v. Sorema, N.A., 534 U.S. 506, 513-514 (2002). Defendants are required to "state in *short and plain terms* the party's defenses to each claim asserted and shall admit or deny the averments upon which the adverse party relies." Fed. R. Civ. P. 8(b) (emphasis added). Further, if a party lacks "knowledge or information sufficient to form a belief as to the truth of an averment, the party shall so state and this has the effect of a denial." Fed. R. Civ. P. 8(b). The Government met the notice pleading requirements. It put the plaintiffs on notice as to anticipated defenses and responded to the numbered paragraphs of plaintiffs' complaint.

## Plaintiffs' Request for Sanctions & Bar Referral

Under Fed. R. Civ. P. 11(c), plaintiffs are required to serve a copy of a motion for sanctions upon the Government, prior to filing with the Clerk of the Court. Fed. R. Civ. P. 11(c)(1)(A). They may only file the motion after waiting 21 days to permit the Government time to consider the motion and take appropriate action, if deemed necessary. See Fed. R. Civ. P. 11(c)(1)(A). Plaintiffs do not allege, nor can they demonstrate, that they have complied with this requirement.

More importantly, plaintiffs' motion lacks merit. Plaintiffs assert that the Government did not "respond to 29 out of 49 paragraphs, using the single word,

'Deny'." (Pl. Mot. for Sanctions & Bar Referral, p.1.) Plaintiffs' argument ignores the obvious - the Government did respond with a denial. The Government is under no duty to explain in its answer why it is denying an averment.1/ Plaintiffs then express their displeasure with the Government's response to ten additional responses in which the Government asserted a lack of sufficient information or knowledge to form a belief as to the truth of the matters asserted. (Pl. Mot. for Sanctions & Bar Referral p.1.) Again, plaintiffs' argument ignores Fed. R. Civ. P. 8(b). That is exactly what the Government did.

For the foregoing reasons, the United States respectfully requests that plaintiffs motion for a more definite statement and for sanctions and bar referral be denied.

DATED: March 3, 2006.                    Respectfully submitted,

/s/ Jennifer L. Vozne
JENNIFER L. VOZNE
Trial Attorney, Tax Division
U.S. Department of Justice
P. O. Box 227, Ben Franklin Station
Washington, D.C. 20044
Phone/Fax: (202) 307-6555/514-6866
Email: Jennifer.L.Vozne@usdoj.gov

---

1/ Indeed, this is the exactly the type of information that is generally sought in discovery. The Government anticipates filing a motion for judgment on the pleadings by March 10, 2006, based upon its assertion that the Court lacks subject matter jurisdiction over plaintiffs' complaint and possibly personal jurisdiction over some, if not all, of the individual defendants.

OF COUNSEL:
KENNETH L. WAINSTEIN
United States Attorney

## CERTIFICATE OF SERVICE

IT IS CERTIFIED that service of the foregoing DEFENDANTS' OPPOSITION TO MOTION FOR MORE DEFINITE STATEMENT AND FOR SANCTIONS UNDER FED. R. CIV. P. 11(b) AND FOR REFERRAL TO THE BAR DISCIPLINARY COMMITTEE and proposed ORDER has been made this 3rd day of March, 2006, by mailing, postage prepaid, addressed to:

    Ronald & Lyssa Holt
    2241 East Kathleen Road
    Phoenix, AZ 85022


    /s/ Jennifer L. Vozne
    _____JENNIFER L. VOZNE