## IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| RONALD L. HOLT, | ) |
| LYSSA ROYAL HOLT, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | )    Civil No. 1:05-1692-RMU |
| | ) |
| CYNTHIA DAVIDSON, *et al.*, | ) |
| | ) |
| Defendants. | ) |

### DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS

Defendants move this Court for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c).

As grounds for this motion, defendants submit that the Court lacks subject matter jurisdiction over the complaint. Defendants also submit that the Court lacks jurisdiction over the individual defendants and the Internal Revenue Service.

A memorandum in support of the motion and proposed order accompany this motion.

DATED:     March 9, 2006.

Respectfully submitted,

/s/ Jennifer L. Vozne
JENNIFER L. VOZNE
Trial Attorney, Tax Division
United States Department of Justice
Post Office Box 227
Ben Franklin Station
Washington, DC 20044
Telephone: (202) 307-6555
Facsimile: (202) 514-6866

OF COUNSEL:

KENNETH L. WAINSTEIN
United States Attorney

**IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| RONALD L. HOLT, | ) | |
| LYSSA ROYAL HOLT, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Civil No. 1:05-1692-RMU |
| | ) | |
| CYNTHIA DAVIDSON, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS

This is a civil action in which plaintiffs seek damages under 26 U.S.C. § 7433 and an order requiring the Internal Revenue Service (IRS) and its employees to "comply with each and every statutory requirement in the performance of duties[.]"

### QUESTIONS PRESENTED

Plaintiffs' complaint seeks damages under 26 U.S.C. § 7433 for alleged failure to comply with administrative summons notice requirements.  The complaint fails to allege that the IRS has taken any actions to collect federal taxes from plaintiffs and that plaintiffs filed claim(s) for damages from "wrongful collection" of taxes.  Does the Court have jurisdiction to entertain a suit for damages under these circumstances?

Plaintiffs' complaint seeks damages under 26 U.S.C. § 7433 which provides that the sole party defendant is the United States.  Plaintiffs named three individual employees and the Internal Revenue Service as defendants.  Does the Court have

jurisdiction over the individual defendants and the Internal Revenue Service under the statute?

STATEMENT

1. <u>Introduction & background</u>.  Plaintiffs, Ronald and Lyssa Holt, filed this complaint on August 24, 2005.  On October 11, 2005, plaintiffs filed returns of service showing that plaintiffs served the Attorney General and the United States Attorney for the District of Columbia by certified mail.  (*See* PACER ## 3, 4.)  There is no evidence that plaintiffs served the individual defendants or the IRS.

2. <u>Relief sought in the complaint</u>.  Plaintiffs seek two forms of relief.  First, plaintiffs seek mandamus relief in the form of an "ORDER, directing defendants to comply with each and every statutory requirement in the performance of duties[.]" (Compl. at p. 11.)  Second, plaintiffs seek damages pursuant to 26 U.S.C. § 7433.  (*Id.*)

ARGUMENT

THE COURT LACKS SUBJECT MATTER JURISDICTION
OVER PLAINTIFFS' CLAIM FOR DAMAGES AND/OR PLAINTIFFS
FAILED TO STATE A CLAIM FOR DAMAGES

Plaintiffs attempt to state a claim for damages under 26 U.S.C. § 7433, and seek unspecified damages (Compl. ¶¶ II.A.1. & 2, VII.A.)  This Court does not have jurisdiction over plaintiffs' section 7433 claim for two reasons.  First, plaintiffs failed to demonstrate that the United States has waived sovereign immunity.  *See Paradyne Corp. v. U.S. Dept. of Justice,* 360 F.Supp. 2d 125, 128 (D.D.C. 2004 (citing *United States v. Sherwood*, 312 U.S. 584, 586 (1941)); *United States v. Dalm*, 494 U.S. 596, 608 (1990) ("[T]he United States, as sovereign, 'is immune from suit, save as it consents to be sued ... and

- 2 -

the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit.'") (citations omitted).  Plaintiffs must show that the United States has unequivocally waived its sovereign immunity.  *McGuirl v. United States*, 360 F.Supp.2d 125, 128 (D.D.C. 2004) (citing *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 182-83 (1936); *West v. F.A.A.*, 830 F.2d 1044, 1046 (9th Cir. 1987).  Plaintiffs' reliance on section 7433 is misplaced for two reasons.

      First, section 7433 provides that

> If, in connection with *any collection of Federal tax* with respect to a taxpayer, any officer or employee of the Internal Revenue Service recklessly or intentionally, or by reason of negligence, disregards any provision of this title, or any regulation promulgated under this title, such taxpayer may bring a civil action for damages against the United States in a district court of the United States.

26 U.S.C. § 7433(a) (emphasis added).  As is clearly stated, section 7433 provides a civil action only for damages arising from collection of taxes, not for damages arising from the investigation and determination of tax liability.  *See Bennett v. United States*, 361 F.Supp.2d 510 (W.D. Va. 2005) (citing *Judicial Watch, Inc. v. Rossotti*, 317 F.3d 401, 411 (4th Cir. 2003)); *White v. C.I.R.*, 899 F.Supp. 767, 772-773 (D. Mass. 1995).  Plaintiffs do not allege that the IRS has taken any collection actions; rather, plaintiffs allege that the IRS issued numerous summonses "seeking information" about them.[1]  (*See, e.g.,* Compl. ¶¶

---

[1]Plaintiffs' recourse when challenging investigative summons is a petition to quash.  *See* 26 U.S.C. § 7609(b)(2).  Indeed, plaintiffs apparently availed themselves of this provision.  Plaintiffs filed petitions to quash Internal Revenue summonses in district court in Phoenix.  *See Ronald L. Holt v. IRS, et al.*, No. 04-mc-101 (dismissed on January 31, 2005), *Lyssa Holt v. IRS, et al.*, No. 04-mc-102 (defendant's motion to dismiss

- 3 -

IV.B.2., V.A.1.-8., V.B.1.-3., V.B.8.)  Plaintiffs' assert the IRS or its employees failed to

provide notice of service of summonses as required by 26 U.S.C. § 7609.  (*See* Compl. ¶

II.A.2.)  Section 7609 generally provides guidance as to who is entitled to notice when

the IRS issues and serves an administrative summons.  *See* 26 U.S.C. § 7609(a)(1).  But,

the section also explicitly states that the notice requirements do not apply to summons

issued in aid of the collection of federal tax liabilities.  *See* 26 U.S.C. § 7609(c)(2)(D).  So,

either the summonses were issued to aid the IRS in its investigation into the federal tax

liabilities of plaintiffs or the summonses were issued to aid the IRS in its collection of

plaintiffs' federal tax liabilities.  If the summonses are investigative summons, then

plaintiffs are not entitled to damages under section 7433 since the acts do not involve

acts to collect taxes.  If the summonses are collection summonses, then plaintiffs have

failed to state a claim for damages as section 7609 does not require the IRS to provide

notice when serving collection summonses.

Plaintiffs only other allegation of wrongdoing is an assertion that the IRS failed

to disclose records pursuant to 26 U.S.C. § 6103(d).  (*See* Compl. ¶ II.A.1.)  Section

6103(d) provides guidance as to when tax returns and return information may be

disclosed to state tax officials and local law enforcement agencies.  It does not refer to

disclosure of tax return and return information to the taxpayer him/herself or an

authorized representative.  Such disclosure is discussed in 26 U.S.C. § 6103(c) and (e).

---

pending), *Ronald & Lyssa Holt v. IRS, et al.*, No. 05-0033 (USDC D. Ariz.) (dismissed Feb.
17, 2006) and *Ronald & Lyssa Holt v. IRS, et al.*, No. 05-0088 (USDC D. Ariz.) (dismissed
Dec. 22, 2005).

- 4 -

More importantly, such allegations do not relate to the IRS's collection actions.

Therefore, plaintiffs have failed to state a claim for damages under 26 U.S.C. § 7433.

Second, assuming *arguendo*, that plaintiffs have stated a cause of action under 26

U.S.C. § 7433, plaintiffs failed to meet the jurisdictional predicates of the section.  Under

section 7433(a), prior to bringing a suit in federal district court for damages for the

unauthorized collection of taxes, taxpayers must exhaust their administrative remedies.

26 U.S.C. § 7433(a).  "A judgment for damages shall not be awarded under [7433]

subsection (b) *unless the court determines that the plaintiff has exhausted the administrative*

*remedies available to such plaintiff within the Internal Revenue Service.*"  26 U.S.C. §

7433(d)(1) (emphasis added).

The Secretary of the Treasury has promulgated regulations governing the

administrative claim for damages under section 7433.  *See* 26 C.F.R. § 301.7433-1(e).  The

regulations provide that—

> An administrative claim for the lesser of $1,000,000 ($100,000 in
> the case of negligence) or actual, direct economic damages, as
> defined in paragraph (b) of this section [7433] shall be sent in
> writing to the Area Director, Attn: Compliance Technical
> Support Manager of the area in which the taxpayer currently
> resides.

26 C.F.R. § 301.7433-1(e)(1) (emphasis added).  The taxpayer must send a written

administrative claim for damages to the area director in the district in which the

taxpayer lives and include the following:  (1) the grounds for the claim; (2) a description

of the injuries incurred by the taxpayer; (3) the dollar amount of the claim, including

any damages not yet incurred but that are reasonably foreseeable; and (4) the signature

- 5 -

of the taxpayer.  26 C.F.R. § 301.7433-1(e)(1) and (2).  Failure to comply with this

regulation deprives a court of jurisdiction.  *See McGuirl v. United States*, 360 F.Supp.2d at

128; *Venen v. United States*, 38 F.3d 100, 103 (3d Cir. 1994); *Conforte v. United States*, 979

F.2d 1375 (9th Cir. 1992).

      Here, plaintiffs have not alleged that they filed a written claim with the area

director which complies with the requirements of the regulations.  Rather, plaintiffs

assert that they "may forego exhausting administrative remedies that are either futile or

inadequate[.]" (Compl. ¶ II.C.2.)  Therefore, plaintiffs have not met their burden to

allege adequately that the United States has unequivocally waived its sovereign

immunity.

THE COURT DOES NOT HAVE JURISDICTION
UNDER THE APA, 28 U.S.C. §§ 1331, 1346, THE ALL WRITS ACT,
OR MANDAMUS FOR PLAINTIFFS' CLAIM FOR DAMAGES

      Plaintiffs also assert jurisdiction under several other statutes.  Plaintiffs assert

jurisdiction under the Administrative Procedures Act ("APA"), 28 U.S.C. §§ 1331, 1346,

the All Writs Act and mandamus.  (*See* Compl. ¶ II.B., II.D.1., II.E.1., II.E.3.)  None of

these statutes provides jurisdiction over actions concerning the assessment and/or

collection of federal taxes.  An action brought under the APA is barred if it concerns the

assessment or collection of federal taxes.  *See Foodservice and Lodging Institute, Inc. v.*

*Regan*, 809 F.2d 842, 844-845 (D.C. Cir. 1987); *McGuirl v. United States*, 360 F.Supp.2d 129,

131-132 (D.D.C. 2004), *aff'd* 2005 WL 3781733 (D.C. Cir. 2005) (unpublished).  Section

1346 provides jurisdiction in refund actions or contract claims for less than $10,000.  *See*

- 6 -

28 U.S.C. § 1346(a).  Plaintiffs' complaint is neither.  Sovereign immunity is not waived

merely because the action may involve a federal question.  *See, e.g., Holloman v. Watt,*

708 F.2d 1399, 1401 (9th Cir. 1983).  Finally, plaintiffs assert jurisdiction exists under the

All Writs Act, 28 U.S.C. § 1651.  (*See* Compl. ¶ II.E.3.)  Section 1651 does not operate as a

waiver of sovereign immunity.  *See Benvenuti v. Dept. of Defense*, 587 F.Supp. 348 (D.D.C.

1984).

Plaintiffs have failed to demonstrate a waiver of sovereign immunity thereby

establishing the Court's jurisdiction over their section 7433 damages claim.  Therefore,

the Court should find on behalf of the defendants.

### THE COURT LACKS JURISDICTION OVER
### THE INDIVIDUAL DEFENDANTS AND THE INTERNAL REVENUE SERVICE

Plaintiffs brought this action for damages under 26 U.S.C. § 7433[2].  (*See* Compl.

¶¶ II.A., II. D.2., III.A., III.B., VIII.A.)  According to section 7433, any action for damages

may be brought against the United States and, except for 26 U.S.C. § 7432, which is not

applicable here, is to be the exclusive remedy for recovering damages resulting from

collection actions.  *See* 26 U.S.C. § 7433(a).  Therefore, plaintiffs improperly named the

---

[2]To the extent that plaintiffs' complaint may be construed as a *Bivens* action, such
an action against individual IRS employees based upon alleged violations of
constitutional rights may not be brought in the section 7433 context since plaintiffs have
an adequate remedy at law.  *See Devore v. Gannet*, 1999 U.S. Dist. LEXIS 15982 *4 (D.D.C.
1999) (citing *Schweiker v. Chiliky*, 487 U.S. 412 (1988)).  Also, a *Bivens* action may not be
brought against IRS employees to challenge acts related to the assessment and
collection of taxes.  *See Vennes v. An Unknown Number of Unidentified Agents*, 26 F.3d
1448 (8th Cir. 1994); *Devore*, 1999 U.S. Dist. LEXIS 15982 *4 (D.D.C. 1999).  Moreover,
individual defendants sued for actions taken in their capacity as government officials
are immune from suit.  *Devore v. Gannet*, 1999 US Dist. LEXIS 15982 *4 (D.D.C. 1999).

individual IRS employees as defendants in this action and the individuals defendants should be dismissed from the action.[3]

Plaintiffs also improperly named the IRS as a party to this action. "When Congress authorizes one of its agencies to be sued *eo nomine*, it does so in explicit language, or impliedly because the agency is the offspring of such a suable entity." *Blackmar v. Guerre*, 342 U.S. 512, 515 (1952) (citing *Keifer & Keifer v. Refinance Construction Corp.*, 306 U.S. 381, 390 (1939)); *Committee for Protection of First Amendment Rights v. Bergland*, 434 F.Supp.314, 318 (D.D.C. 1977).

Indeed, the only proper party to this action is the United States. The general rule is that relief sought nominally against an officer is in fact against the sovereign if the decree would operate against the sovereign. *See State of Hawaii v. Gordon*, 373 U.S. 57, 58 (1963); *McGuirl v. United States*, 360 F.Supp.2d 129 (D.D.C. 2004).

CONCLUSION

Plaintiffs failed to state a claim for "wrongful collection" under 26 U.S.C. § 7433. Moreover, because plaintiffs have not met their burden to prove exhaustion of administrative remedies, this Court does not have jurisdiction over their claim. Finally, plaintiffs do not have jurisdiction over the individual defendants and the Internal Revenue Service. Based upon the foregoing, the Court should find judgment for the defendants.

---

[3]Even assuming the individual defendants are proper party defendants to this action, there is no evidence that plaintiffs effected proper service of the summons and complaint on the individual defendants. Thus, the Court may lack personal jurisdiction over the individual defendants.

DATED:       March 9, 2006.

Respectfully submitted,

/s/ Jennifer L. Vozne
JENNIFER L. VOZNE
Trial Attorney, Tax Division
United States Department of Justice
Post Office Box 227
Ben Franklin Station
Washington, DC 20044
Telephone: (202) 307-6555
Facsimile: (202) 514-6866

OF COUNSEL:

KENNETH L. WAINSTEIN
United States Attorney

- 9 -

## <u>CERTIFICATE OF SERVICE</u>

IT IS CERTIFIED that the foregoing DEFENDANTS' MOTION FOR JUDGMENT

ON THE PLEADINGS, supporting MEMORANDUM, and proposed ORDER was

caused to be served this 9th day of March, 2006, by mailing, postage prepaid, a copy

addressed to:

> Ronald & Lyssa Holt
> 2241 East Kathleen Road
> Phoenix, AZ 85022

/s/ Jennifer L. Vozne
_____ JENNIFER L. VOZNE

1531219.1