Private Citizen Ronald L. Holt
c/o 2241 East Kathleen Road
Phoenix, Arizona 85022
Plaintiff *In Propria Persona*

Private Citizen Lyssa Royal Holt
c/o 2241 East Kathleen Road
Phoenix, Arizona 85022
Plaintiff *In Propria Persona*
Judiciary Act of 1789 § 35

**RECEIVED**

APR 0 6 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

# district court of the United States[1]
# District of Columbia

Private Citizen Ronald L. Holt; and,
Private Citizen Lyssa Royal Holt

    Plaintiffs,
    v.

CYNTHIA DAVIDSON; MARK
CARNICLE; ELIZABETH MARRIAGA;
INTERNAL REVENUE SERVICE;
and, UNITED STATES OF AMERICA

    Defendants.

Case №: 1:05-cv-1692-RMU

RESPONSE AND OPPOSITION TO DEFENDANT'S

MOTION FOR JUDGMENT ON THE PLEADINGS

Plaintiffs hereby respond in opposition to defendant's motion for judgment on the pleadings as follows:

1.     Counsel asserts in her motion for judgment on the pleadings that Plaintiffs have alleged only two issues: 1) failure to notify; and 2) failure to disclose Plaintiffs' records to Plaintiffs. While counsel admits the second allegation (as discussed in more detail below), counsel's motion conveniently overlooks the allegations

---

[1] As designated in Title 26, United States Code, § 7433.

1

regarding intentional retaliation, Complaint, ¶ VI, and intent to defeat provisions of the Internal Revenue Code.

2. Regardless of counsel's assertions regarding whether the alleged acts are actionable under 7433, these acts, asserted as arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; contrary to constitutional right, power, privilege, or immunity; in excess of statutory jurisdiction, authority, or limitations, or short of statutory right; and without observance of procedure required by law, are certainly addressable under the APA.

3. Counsel conveniently misreads the Complaint as a "blend" of IRC 7433 and the APA, when the Complaint is clearly intended to provide *alternative bases* for jurisdiction.

4. As to counsel's tacit admission that the defendants disregarded Plaintiffs' requests for information under IRC section 6103, counsel intentionally misleads the Court by focusing on an unfortunate typographical error in ¶ II of the Complaint, attempting to conceal Plaintiffs correct citation of IRC section 6103(e)(1)(A)(1) and Treasury Regulation 301.6103-1(c), in Complaint,¶ III.C and D.

5. As to counsel's assertions with respect to exhaustion of remedies:

   a. Based upon Plaintiffs' unsuccessful attempts to seek answers and agency records providing a basis for such answers, Plaintiffs have asserted that they have either exhausted administrative remedies available, or that such administrative remedies are inadequate. While perhaps not so claiming, Plaintiff(s) seek the Court's exercise of the equity jurisdiction conferred in Section 11 of the Judiciary Act of 1789, 1 Stat. 78. Counsel would have the Court overlook its equity powers, knowing that a court sitting in equity cannot "ignore the judgment of Congress,

1

deliberately expressed in legislation." Virginian R. Co. v. Railway Employees, 300 U. S. 515, 551 (1937), such as the APA, and other Acts of Congress cited in the Complaint.

b. Counsel correctly reads § 7433(d)(1) in quoting "a judgment for damages shall not be awarded under [§ 7433] unless the court determines that the plaintiff has exhausted the administrative remedies available to such plaintiff within the Internal Revenue Service." However, counsel then reaches, citing Venen v. United States, 38 F.3d 100, 103 (3d Cir. 1994); McGuirl v. United States, 360 F. Supp. 2d 125, 128 (D.D.C. 2004)", stating "Failure to comply...deprives the federal district court of jurisdiction."

c. With all due respect, the history of IRC section 7433 shows that Venen was correctly decided under TBOR I's express proscription. Plaintiffs assert that the current regulation, upon which McGuirl was decided, and upon which the instant case hinges, is an unreasonable interpretation of the current statutory provision; exceeds the authority of the current statutory provision by impermissibly extending the operation of the exhaustion requirement; and, by frustrating Congress' intent in creating, and amending, 7433; and by effectively converting a "7433 damages" claim into a "7422 refund" claim. The history, i.e., the evolution of Congress' language, shows that Congress, in proscribing a damages award absent the Court's own satisfaction with respect to administrative exhaustion — without reinstating TBOR I's express proscription — left the court's equity jurisdiction intact. Assuming that counsel's TBOR I interpretation of language no

l

longer in 7433, the Court is fully empowered to grant all other relief requested under its equity jurisdiction.

d. Based upon the language of the regulation itself, and upon the admitted actions of the defendants demonstrating disregard of governing statutes, regulations, and Service policies, Plaintiff(s) contend that the administrative "remedies" purportedly provided for – as implemented by regulation – are at best unavailable, and at worst, wholly inadequate.

6. As stated by the Supreme Court in Morton v. Ruiz, 415 U.S. 199 (1974): The agency power to make rules that affect substantial individual rights and obligations carries with it the responsibility not only to remain consistent with the governing legislation, FMC v. Seatrain Lines, Inc., 411 U.S. 726 (1973); Dixon v. United States, 381 U.S. 68, 74 (1965); Brannan v. Stark, 342 U.S. 451 (1952), but also to employ procedures that conform to the law. See NLRB v. Wyman-Gordon Co., 394 U.S. 759, 764 (1969) (plurality opinion). Lack of specific attention to the statutory authorization is especially important in light of the Supreme Court's pronouncement in Skidmore v. Swift & Co., 323 U.S. 134, 140 (1944), quoted in Adamo Wrecking Co. v. United States, 434 U.S. 275, 287 n. 5 (1978), and cited in SEC v. Sloan, 436 U.S. 103 (1978), specifying that one factor to be considered in giving weight to an administrative ruling is "the thoroughness evident in its consideration, the validity of its reasoning, its consistency with earlier and later pronouncements, and all those factors which give it power to persuade, if lacking power to control" SEC v. Sloan, 436 U.S. 103, 117-118.

a. The regulation itself is the best evidence of "Lack of specific attention to the statutory authorization" (Skidmore) and failure of "thoroughness...in its consideration" (Sloan). In 301.7433-1's subsection (a), paragraph (1), "reckless or intentional actions" is changed; one must have "...damages sustained as a proximate result of the reckless or international actions..." (emphasis added).

b. To the extent that Treasury Decision 9050 "re-imposes" the more restrictive language of TBOR I, the regulation exceeds the authority of 7433 in its current form.

c. To the extent that Treasury Decision 9050 re-imposes the prohibition of TBOR I, the regulation fails to remain consistent with the governing legislation; and fails "all those factors which give it power to persuade."

7. REGULATION CONVERTS DAMAGES ACTION INTO REFUND ACTION

a. By requiring that Plaintiff(s) (claimants) place a specific value upon injuries claimed, the regulation effectively neuters the statutory provision in instances where, as alleged in Plaintiff(s) complaint, the threshold issue of whether an assessment has been properly made is raised. If IRS refuses to investigate that threshold issue, IRS denies a meaningful Collection Due Process Hearing; a "collection" might not yet have occurred, yet Plaintiff(s) right to challenge the existence of the underlying liability – established in the statutory provision (6330(c)(2)(B)) – is thwarted.

8. Reviewing courts are not obliged to stand aside and rubber-stamp their affirmance of administrative decisions that they deem inconsistent with a statutory mandate or that frustrate the congressional policy underlying a statute. Such review is always properly

within the judicial province, and courts would abdicate their responsibility if they did not fully review such administrative decisions. National Labor Relations Board v. Brown, 380 U.S. 278, 291-292.

9. THE REGULATION FRUSTRATES CONGRESS' INTENT

   a. TBOR I, TBOR II, and RRA '98 are testaments of Congress' awareness that IRS cannot be trusted to administer the tax code without supervision. Indeed, in the words of former Deputy Assistant Secretary of Treasury Bradford DeLong, now a Professor at Berkeley,

   > "The IRS's comparative advantage is using random terror to elicit voluntary compliance with the tax code...".

   b. Congress intended that Citizens harmed by IRS' legendary disregard of governing statutes and regulations have an avenue to be made whole under section 7433, albeit with a prior administrative review. Once again, the key is availability of the administrative remedy. Availability can be likened to adequacy. As a matter of broad administrative law, if administrative remedy is inadequate, it need not be pursued.

   c. The Morton Court supra, opined, at 235: Where the rights of individuals are affected, it is incumbent upon agencies to follow their own procedures. This is so even where the internal procedures are possibly more rigorous than otherwise would be required. Service v. Dulles, 354 U.S. 363, 388 (1957); Vitarelli v. Seaton, 359 U.S. 535, 539-540 (1959). As established by the current regulation, IRS refused to even establish procedures for years after the right to bring an action was granted by Congress, and currently imposes a prohibitive provision

omitted by Congress. Administrative remedy, available in form, is unavailable in substance.

10. Counsel further misrepresents the law, asserting that the actions complained of are not "collection actions", ignoring 7433's "in connection with" context, which is controlling. See: WACHOVIA BANK, N. A. v. SCHMIDT (04-1186), decided January 17, 2006.

11. To the extent that the United States is the only proper party defendant, Plaintiffs accept this admission, and will stipulate that the United States should be substituted for the individual defendants, and for its agent, IRS.

WHEREFORE, Plaintiffs request the Court deny the motion for judgment on the pleadings.

Respectfully entered this 31st day of March, 2006.

_____
Ronald L. Holt

_____
Lyssa Royal Holt

## Certificate of Service

Private Citizen Ronald L. Holt, and Private Citizen Lyssa Royal Holt, hereby certify that on this 31st day of March, 2006, We caused the "Response and Opposition to Defendant's Motion for Judgement on the Pleadings" to be served by depositing two copies of the "Response and Opposition to Defendant's Motion for Judgement on the Pleadings" with the United States Postal Service, postage prepaid, to:

Registered Mail # <u>RA 511 832 697 US</u>

LAWYERS NAME AND ADDRESS

Jennifer L. Vozne
Trial Attorney, Tax Division
U.S. Department of Justice
Post Office Box 227
Washington, D.C. 20044

_____
Private Citizen Ronald L. Holt

1