IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | |
|---|---|
| RONALD L. HOLT,<br>LYSSA ROYAL HOLT,<br><br>      Plaintiffs,<br><br>v.<br><br>CYNTHIA DAVIDSON, *et al.*,<br><br>      Defendants. | )<br>)<br>)<br>)<br>)<br>)  Civil No. 1:05-1692-RMU<br>)<br>)<br>)<br>)<br>) |

**DEFENDANTS' REPLY IN SUPPORT OF
MOTION FOR JUDGMENT ON THE PLEADINGS**

Defendants submit this reply to address two points raised by plaintiffs in their opposition to the motion for judgment on the pleadings. Defendants otherwise rely on their motion.

STATEMENT

In their complaint, plaintiffs' seek damages under 26 U.S.C. § 7433 and an order requiring the Internal Revenue Service (IRS) and its employees to "comply with each and every statutory requirement in the performance of duties[.]" Defendants moved for judgment on the pleadings asserting that the Court lacks subject matter jurisdiction over the claim and/or plaintiffs failed to state a claim for damages.[1] Defendants noted that plaintiffs failed to demonstrate that the Service took any "collection" actions, wrongful or otherwise, which entitle them to seek damages and that plaintiffs failed to

---

[1] Defendants also asserted that the Court lacks personal jurisdiction over the individual defendants and the Internal Revenue Service. Plaintiffs presumably agree as they did not oppose this assertion.

assert that they exhausted their administrative remedies by filing an administrative claim for damages.

Plaintiffs attempt to overcome defendants' assertion of lack of subject matter jurisdiction by asserting that (1) the regulation explaining how a taxpayer exhaust administrative remedies for claims for damages under 26 U.S.C. § 7433 invalid; and (2) the Court should invoke equity jurisdiction. Both of plaintiffs' arguments fail.

### THE REGULATION IS VALID

Plaintiffs assert that 26 C.F.R. § 301.7433-1 "is an unreasonable interpretation of the current statutory provision; exceeds the authority of the current statutory provision by impermissibly extending the operation of the exhaustion requirement; and, by frustrating Congress' intent in creating, and amending, 7433; and by effectively converting a '7433 damages' claim into a '7422 refund' claim." (Pl. Opp. ¶ 5.c.) Plaintiffs claim of regulatory invalidity fails for three reasons.

First, plaintiffs failed to adequately allege that the Service took any collection actions, let along wrongful collection actions, which would entitle them to damages under 26 U.S.C. § 7433. Thus, plaintiffs lack standing to challenge the regulation.

Second, assuming *arguendo* plaintiffs have adequately asserted that collection actions have occurred, because plaintiffs have not shown any attempt to comply with 26 U.S.C. § 7433's requirement to "exhaust[] the administrative remedies available," their claim of regulatory invalidity is not ripe for adjudication.

Third, the regulation is valid. *Chevron* provides the analytical framework for considering the validity of this regulation. *Chevron, U.S.A., Inc. v. Natural Resources Defense Council, Inc.*, 476 U.S. 837 (1984). Regulations issued by an agency to interpret the application of a statute are entitled to deference as long as the regulations implement the statute in some reasonable manner. *Id.* at 843-45. The standard of validity is not whether the agency's construction is the *only* permissible reading, or even the "best" among permissible readings, or whether the regulation reaches a result that the court would have reached if the issue had first been presented in a judicial proceeding. *See id.* at 843, n.11; *Nichols v. United States*, 260 F.3d 637, 644 (6th Cir. 2001). Rather, if the challenged regulation represents a reasonable policy choice within an area intentionally or inadvertently left open by Congress, the regulation should be upheld. *Chevron*, 467 U.S. at 865-866; *see also Nat'l Cable & Telecommunications Ass'n v. Brand X Internet Services*, 125 S.Ct. 2688, 2699 (2005).

Under *Chevron*'s two-step procedure, the first inquiry is whether the statute directly and conclusively addresses the precise question at issue. If the statute does not provide the answer, being either silent or ambiguous, the next step mandates upholding the agency's interpretation as long as the agency's construction "is a reasonable policy choice for the agency to make." *Chevron*, 467 U.S. at 845. Congress explicitly directed the Secretary of the Treasury to issue "all needful rules and regulations" for the enforcement of the Internal Revenue Code. 26 U.S.C. § 7805(a). It is well settled that a court should ordinarily defer to the regulation if it implements the congressional

mandate in some reasonable manner. *National Muffler Dealers Ass'n v. United States*, 440 U.S. 472, 476 (1979) (quoting *United States v. Correll*, 389 U.S. 299, 307 (1967)); *Boulez v. Comm'r*, 810 F.2d 209 (1987); *Debt Buyers Ass'n v. Snow*, 2006 WL 598143, * 9 (D.D.C. 2006) (Kollar-Kotelly). To determine whether the regulation carries out the congressional mandate in a reasonable manner, courts look to see whether the regulation harmonizes with the plain language of the statue, its origin, and its purpose. *National Muffler Dealers Ass'n*, 440 U.S. at 477.

The requirement that a party must exhaust administrative remedies prior to filing suit was contained in the Taxpayer Bill of Rights (TBOR I). After publication of the original Treasury regulations under section 7433, courts determined that section 7433(d) was a jurisdictional bar to an action in court absent exhaustion of administrative remedies. *See, e.g., Venen v. United States*, 38 F.3d 100 (3d Cir. 1994). In 1996, Congress enacted TBOR II, which amended section 7433(d) to provide that failure to exhaust administrative remedies was merely a factor that the court could use to reduce a judgment. Then, in 1998, Congress enacted TBOR III which reinstated, verbatim, the language of TBOR I which required exhaustion of administrative remedies prior to filing suit in district court. *See also* H.R. Rep. 105-364, pt. 1, at 59 (1997); S. Rep. 105-174, at 49 (1998).

The language in section 7433(d)(1), as well as the legislative history, makes clear that Congress intended the Service to create an administrative scheme to allow individuals the opportunity to seek an administrative resolution of claims for damages

sustained from unauthorized collection action by the Government. The rules in 26 C.F.R. § 301.7433-1 fill in the gaps of the requirement that administrative remedies be exhausted. To the extent that these rules implement the intent of Congress in some reasonable fashion, which defendants contend they do, they will be held valid under the principles articulated in *Chevron*.

    The regulation provides a straightforward and simple administrative hearing procedure that allows individuals to seek an administrative resolution of claims under section 7433. Paragraph (a) of the regulation reiterates the statutory requirement that a taxpayer must file an administrative claim that meets the requirements set forth in paragraph (e) and wait for the required period of time under paragraph (d) prior to filing suit in district court. 26 C.F.R. § 301.7433-1(a). The requirements described in paragraph (e) provide the proper place to file the required administrative claim, as well as the information that must be included in the claim. 26 C.F.R. § 301.7433-1(e). Specifically, a taxpayer is required to provide (1) his/her name and current contact information; (2) grounds, in reasonable detail, for the claim; (3) description of the injuries incurred; (4) dollar amount of the claim; and (5) his/her signature or the signature of a duly authorized representative. 26 C.F.R. § 301.7433-1(e). Such information is simply basic information in order to provide the Service with adequate notice as to why a taxpayer asserts he/she is entitled to damages. From this information, the Service may investigate a taxpayer's claims and make an informed determination. Thus, the procedures described in the regulation are far from an

unreasonable interpretation of Congress's mandate to create an administrative scheme to allow informal consideration of section 7433 claims prior to invoking judicial review.

EQUITY JURISDICTION IN INAPPROPRIATE

Plaintiffs ask the Court to invoke equity jurisdiction. Plaintiffs seek damages which "remain today a remedy at law." *Sparrow v. Comm'r*, 949 F.2d 434, 437 (D.C. Cir. 1991) (citing *Curtis v. Loether*, 415 U.S. 189 (1974)). As such, an exercise of equity jurisdiction is inappropriate.[2] *See also Gaines v. United States*, 2006 U.S. Dist. LEXIS 14907 (D.D.C. 2006) (Huvelle); *Glass v. United States*, 2006 U.S. Dist. LEXIS 14908 (D.D.C. 2006) (Huvelle); *Koerner v. United States*, 2006 U.S. Dist. LEXIS 14909 (D.D.C. 2006) (Huvelle); *Pierce v. United States*, 2006 U.S. Dist. LEXIS 14910 (D.D.C. 2006) (Huvelle).[3]

---

[2] Also, the Anti-Injunction Act prohibits any action instituted for the "purpose of restraining the assessment or collection of any tax." 26 U.S.C. § 7421(a); *see Foodservice & Lodging Institute, Inc. v. Reagan*, 809 F.2d 842, 844-845 (D.C. Cir. 1987); *American Federation of Gov't Employees, AFL-CIO v. United States*, 660 F.Supp. 12, 13, (D.D.C. 1987). Although the Supreme Court has recognized a narrow, judicial exception to § 7421, the exception is inapplicable to the present case. In *Enochs v. Williams Packing & Navigation Co.*, 370 U.S. 1, 7 (1962), the Supreme Court decided that the Anti-Injunction Act would not apply (1) if, when the facts and law are examined in the light most favorable to the government, under no circumstances could the government prevail, and (2) equity jurisdiction otherwise existed. *See Flynn v. United States*, 786 F.2d 586, 589 (3d Cir. 1986). The burden is on the plaintiff to demonstrate that his suit falls within the purview of the judicially-created exception to the Anti-Injunction Act. *Bowers v. United States*, 423 F.2d 1207, 1208 (5th Cir. 1970). Plaintiffs have not this burden.

[3] While the complaints filed in these *pro se* cases assert different bases for a claim for damages under 26 U.S.C. § 7433, the grounds for challenging the regulation are almost identical. Further, in each of these actions, plaintiffs ask the court to invoke equity jurisdiction.

CONCLUSION

For the reasons stated in defendants' motion for judgment on the pleadings and the reasons stated above, defendants respectfully request the Court grant their motion for judgment on the pleadings and find judgment for the defendants.

DATED: April 21, 2006.

                                       Respectfully submitted,

                                       /s/ Jennifer L. Vozne
                                       JENNIFER L. VOZNE
                                       Trial Attorney, Tax Division
                                       United States Department of Justice
                                       Post Office Box 227
                                       Ben Franklin Station
                                       Washington, DC 20044
                                       Telephone: (202) 307-6555
                                       Facsimile: (202) 514-6866

OF COUNSEL:

KENNETH L. WAINSTEIN
United States Attorney

## CERTIFICATE OF SERVICE

IT IS CERTIFIED that the foregoing DEFENDANTS' REPLY IN SUPPORT OF MOTION FOR JUDGMENT ON THE PLEADINGS was caused to be served this 21ST day of April, 2006, by mailing, postage prepaid, a copy addressed to:

>Ronald & Lyssa Holt
>2241 East Kathleen Road
>Phoenix, AZ 85022

>/s/ Jennifer L. Vozne
>_____JENNIFER L. VOZNE

1661677.1