UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | | |
|---|---|---|---|
| RONALD L. HOLT, | : | | |
| LYSSA ROYAL HOLT, | : | | |
| | : | | |
| Plaintiffs, | : | Civil Action No.: | 05-1692 (RMU) |
| | : | | |
| v. | : | Document No.: | 14 |
| | : | | |
| CYNTHIA DAVIDSON *et al.*, | : | | |
| | : | | |
| Defendants. | : | | |

MEMORANDUM OPINION

GRANTING THE DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS

I.  INTRODUCTION

The *pro se* plaintiffs, Ronald Holt and Lyssa Royal Holt, bring suit against the United States, the Internal Revenue Service ("IRS"), and several IRS agents under 26 U.S.C. § 7433. The plaintiffs allege that IRS officers negligently failed to provide them with notice of third-party summonses and further refused to disclose authorized tax records.  The defendants move to dismiss the case pursuant to Federal Rule of Civil Procedure 12(c).  Because it lacks subject-matter jurisdiction to hear the plaintiffs' allegations, the court dismisses the suit.

II.  BACKGROUND

A.  Factual Background

The plaintiffs' failure to provide useful facts in the complaint complicates this court's efforts to discern the precise nature of the plaintiffs' allegations.  As far as the court can surmise, the IRS investigated the plaintiffs for the purpose of either determining their tax liability or

collecting on the plaintiffs' tax liability. Presumably as part of the investigation, the IRS issued summonses to third parties. The plaintiffs claim that the IRS failed to provide the plaintiff with the proper notice of service when it issued summonses to third parties. Compl. ¶ II.A.2. The plaintiffs further allege the IRS failed to disclose tax records the plaintiffs requested. *Id.* ¶ II.A.1.

### B. Procedural Background

On August 24, 2005, the plaintiffs filed suit pursuant to 26 U.S.C. § 7433, which provides a cause of action against the United States if an IRS agent is reckless or negligent in the collection of taxes. 26 U.S.C. § 7433. The plaintiffs assert that the defendants were reckless because they violated 26 U.S.C. § 7609, which requires proper notice of service for third party summons. 26 U.S.C. § 7609. The plaintiffs also assert that the defendants were reckless because they violated 26 U.S.C. § 6103(e), which requires the IRS to discloe tax returns when taxpayers file a written request. 26 U.S.C. § 6103(e).

On February 3, 2006, the defendants filed their answer to the complaint, denying the plaintiffs' allegations. On March 9, 2006 the defendants filed a motion to dismiss the case. Defs.' Mot. for J. on the Pleadings ("Defs.' Mot"). The defendants' motion asserts that the plaintiffs fail to meet their burden for establishing the court's jurisdiction over the United States, the IRS and its agents. *Id.* at 7-8. The court now turns to the defendants' motion.

### III. ANALYSIS

The defendants argue that the United States has not waived sovereign immunity, thereby depriving this court of jurisdiction to hear the claims against the government. *Id.* at 4. The defendants also argue that the plaintiffs cannot sue the IRS and the individual agents for the

violations described in the plaintiffs' complaint. *Id.* at 9-10.

### A. Legal Standard for Judgment on the Pleadings

Federal Rule of Civil Procedure 12(c) states that "[a]fter the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings." *See* FED. R. CIV. P. 12(c).[1] If a party files a Rule 12(c) motion before the answer, the court may treat it as a motion to dismiss under Rule 12(b)(6). *See Seber v. Unger*, 881 F. Supp. 323, 325 n.2 (N.D. Ill.1995). "In fact, any distinction between them is merely semantic because the same standard applies to motions made under either subsection." 2 MOORE'S FEDERAL PRACTICE 3d § 12.38, 12-101; *see also GATX Leasing Corp. v. Nat'l Union Fire Ins. Co.*, 64 F.3d 1112, 1114 (7th Cir.1995).

Under Rule 12(c), the court must accept the nonmovant's allegations as true and should view the facts in the light most favorable to the nonmoving party. *See Judicial Watch, Inc. v. Clinton*, 880 F. Supp. 1, 7 (D.D.C.1995). The court should grant a motion for judgment on the pleadings if the movant "is entitled to judgment as a matter of law." *See Burns Int'l Sec. Servs. v. Int'l Union*, 47 F.3d 14, 16 (2d Cir.1995).

When a party moves to dismiss for lack of subject-matter jurisdiction or for judgment on the pleadings, the court may consider the motion based on the complaint standing alone or, where necessary, on the complaint "supplemented by undisputed facts evidenced in the record, or the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *See*

---

[1] Rule 12(c) also states that if, on a motion for judgment on the pleadings, the court considers matters outside the pleadings, then the court shall treat the motion as one for summary judgment pursuant to Rule 56. In its analysis, the court will not consider any matters outside the pleadings, and will therefore treat the motion as one for judgment on the pleadings pursuant to Rule 12(c).

*Herbert v. Nat'l Academy of Sciences*, 974 F.2d 192, 197 (D.C. Cir.1992). This standard follows from the "well-established practice-endorsed by the Supreme Court forty-five years ago . . . of allowing the District Court to make findings when a factual dispute regarding jurisdiction does arise." *Id.* at 198 n.6 (citing *Land v. Dollar*, 330 U.S. 731, 735 n.4 (1947)).

### B. The Court Lacks Jurisdiction to Hear the Claims Against the United States

The defendants argue that the court does not have jurisdiction over the claims against the United States because the "plaintiffs fail[] to demonstrate that the United States has waived sovereign immunity." Defs.' Mot. at 4. Under the doctrine of sovereign immunity, the United States government is immune from suit except when it consents to be sued; that is, when it has waived sovereign immunity. *United States v. Dalm*, 494 U.S. 596, 608 (1990) (quoting *United States v. Testan*, 424 U.S. 392, 399 (1976)); *See also Paradyne Corp. v. Dep't. of Justice,* 647 F. Supp. 1228, 1231 (D.D.C. 1986) (citing *United States v. Sherwood,* 312 U.S. 584, 586 (1941)); *Honda v. Clark*, 386 U.S. 484, 501 (1967). Any statute purporting to waive sovereign immunity must do so "unequivocally." *Dep't of the Army v. Fed. Labor Relations Auth.*, 56 F.3d 273, 277 (D.C. Cir. 1995); *Testan*, 424 U.S. at 399. Sovereign immunity acts as a jurisdictional bar, disallowing courts from adjudicating claims against the government. *United States v. Mitchell*, 463 U.S. 206, 212 (1983). In opposing the defendants' motion, the plaintiffs argue that the court has jurisdiction over their suit against the United States because 26 U.S.C. § 7433, the Administrative Procedures Act, the All Writs Act, and the federal question doctrine act as waivers to sovereign immunity. Compl. ¶ II.

### 1. 26 U.S.C. § 7433 Does Not Waive Sovereign Immunity

The plaintiffs argue that section 26 U.S.C. § 7433 waives the defendants' sovereign

immunity. Pls.' Opp'n ¶ 3. Section 7433 (a) states:

> If in connection with any collection of Federal tax with respect to a taxpayer, any officer or employee of Internal Revenue Service recklessly or intentionally, or by reason of negligence, disregards any provision of this title, or any regulation promulgated under this title, such taxpayer may bring civil action for damages against the United States in a district court of the United States.

26 U.S.C. § 7433(a).  While the plaintiffs correctly assert that § 7433 explicitly allows suits against the United States, the plaintiffs fail to meet the jurisdictional predicates of this statute. Prior to filing a § 7433 suit, a plaintiff must first exhaust all administrative remedies.  26 U.S.C. § 7433 (d)(1).  To properly exhaust remedies, the taxpayer must send a written administrative claim for damages to the area director in the district in which the taxpayer lives and include the following: (1) the grounds for the claim; (2) a description of the injuries incurred by the taxpayer; (3) the dollar amount of the claim, including any damages not yet incurred but that are reasonably foreseeable; and (4) the signature of the taxpayer.  26 C.F.R § 301.7433-1(e)(1).

Here, the plaintiffs concede their failure to send the required written administrative claim for damages to the area director and instead vaguely assert that they "may forego exhausting administrative remedies that are either futile or inadequate[.]" Compl. ¶ II.C.2.  The plaintiffs, however, fail to allege any facts that demonstrate that filing an administrative claim is futile. Although the plaintiffs criticize the process for filing a claim, they have not even attempted to file a claim.  The plaintiffs' failure to offer evidence that they exhausted their administrative remedies deprives this court of jurisdiction over their claims.  *Venen v. United States*, 38 F.3d 100, 103 (3d Cir. 1994); *McGuirl v. United States*, 360 F. Supp. 2d 125, 128 (D.D.C. 2004), *aff'd*, 2005 WL 3781733 (D.C. Cir. 2005) (unpublished) ; *People of Cal. ex. rel. Ervin v. Dist. Dir.*, 170 F. Supp. 2d 1040, 1048 (E.D. Cal. 2001) (explaining, in a § 7433 action, that the

plaintiffs bear "the burden of demonstrating an explicit waiver of the government's sovereign immunity from suit"). Because the plaintiffs failed to file an administrative claim with the IRS before filing a complaint in this court, the court does not have jurisdiction to hear plaintiffs' § 7433 claim against the United States. *People of Cal.,* 170 F. Supp. 2d at 1050; *Berridge v. Heiser*, 993 F. Supp. 1136, 1148 (S.D. Ohio 1997).

### 2. The APA, the All Writs Act and the Federal Question Doctrine do Not Constitute Waivers of Sovereign Immunity

The plaintiffs also argue that the Administrative Procedures Act ("APA"), 5 U.S.C. §§ 704 *et seq.*, acts as a waiver to sovereign immunity and provides a basis for this court's jurisdiction. Compl. ¶ II.B. The APA allows judicial review of final agency decisions. *Cobell v. Norton*, 240 F.3d 1081, 1095 (D.C. Cir. 2001). Because the plaintiffs failed to file a proper administrative claim, however, their suit is not seeking review of an agency decision at all, let alone a final one. Further, an action brought under the APA is barred if it concerns the assessment or collection of federal taxes. *McGuirl,* 360 F. Supp. 2d at 131-32 (citing *Foodservice and Lodging Inst., Inc. v. Regan*, 809 F.2d 842, 844 (D.C. Cir. 1987)). The APA's waiver of sovereign immunity, moreover, does not apply to suits for money damages. *Larsen v. U.S. Navy,* 346 F. Supp. 2d 122, 128 (D.D.C. 2004). Therefore, the APA does not grant the court jurisdiction over the plaintiffs' claims against the United States.

The plaintiffs also assert that the All Writs Act, 28 U.S.C. §1651, provides the court with jurisdiction over their tax suit against the United States. Compl. ¶ II.E. Section 1651, however, does not operate as a waiver of sovereign immunity. *Benvenuti v. Dep't. of Defense*, 587 F. Supp. 348, 352 (D.D.C. 1984).

Finally, the plaintiffs argue that raising a federal question gives this court subject-matter jurisdiction over their complaint. Compl. ¶ II.E.3. While a district court may review actions involving a federal question, merely raising a federal question does not waive sovereign immunity. *Benvenuti*, 587 F. Supp. at 352. That is, the court cannot review actions against the United States absent a waiver of sovereign immunity. *Id.* at 351-352. Merely raising a federal question does not waive sovereign immunity. *Id.* at 352. Therefore, the court dismisses the plaintiffs' case against the United States for lack of subject-matter jurisdiction.

### C. The Court Lacks Jurisdiction Over the Claims Against the IRS and its Agents

The court also dismisses the case against the defendant IRS and the individual IRS employees because it lacks subject-matter jurisdiction. A taxpayer's exclusive remedy for recovering damages in connection with the collection of federal taxes is to file a civil action for damages against the United States. 26 U.S.C. § 7433 (stating that civil actions against the United States "shall be the exclusive remedy for recovering damages resulting from such actions"). Because filing a suit against the United States is a taxpayer's exclusive remedy, taxpayers cannot maintain an action against the IRS or its officers in their individual capacities. *Hassell v. United States*, 203 F.R.D. 241, 244 (N.D. Tex. 1999). Consequently, the court dismisses the case against the IRS and the individual IRS agents because the United States is the only proper defendant in a § 7433 lawsuit.

## VI.  CONCLUSION

For the foregoing reasons, the court grants the defendants' motion to dismiss the case.[2] An order consistent with this Memorandum Opinion is separately and contemporaneously issued this 31st day of July, 2006.

RICARDO M. URBINA
United States District Judge

---

[2] Although the court is mindful of its obligation to construe the plaintiffs *pro se* complaint liberally, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), the court cannot overcome the plaintiffs' failure to establish subject-matter jurisdiction to hear the claims against the United States, the IRS and the individual IRS agents.